IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LANCE WILLIAMS, *on behalf of himself and all others similarly situated*, | )<br>)  Case No. _____<br>) |
| Plaintiff, | )<br>) |
| v. | )  **CLASS ACTION COMPLAINT**<br>)  **AND TRIAL BY JURY DEMAND**<br>) |
| HEALTHCARE RECEIVABLES GROUP, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## NATURE OF ACTION

1. Plaintiff Lance Williams ("Plaintiff") brings this putative class action against Defendant Healthcare Receivables Group, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendant transacts business and resides in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

6. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

7. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

8. Plaintiff is a natural person.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

13. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

15. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16. In connection with the collection of alleged debts, Defendant sent Plaintiff two letters dated November 23, 2020.

17. True and correct copies of Defendant's November 23, 2020 letters are attached as Exhibit A.

18. In connection with the collection of an alleged debt, Defendant sent Plaintiff another letter dated December 14, 2020.

19. A true and correct copy of Defendant's December 14, 2020 letter is attached as Exhibit B.

20. In connection with the collection of an alleged debt, Defendant sent Plaintiff another letter dated December 16, 2020.

21. A true and correct copy of Defendant's December 16, 2020 letter is attached as Exhibit C.

22. Each of Defendant's letters were its initial communications with Plaintiff in respect to the debts identified therein.

23. Defendant's letters each purported to contain the notices required by 15 U.S.C. § 1692g(a). *See* Exhibits A-C.

24. However, each letter stated, in relevant part: "If you notify this office that you dispute the validity of this debt or any portion thereof, within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." *Id.*

25. This statement fails to inform Plaintiff that such dispute must be *in writing* to require Defendant to obtain and mail Plaintiff verification.

26. In or around late December 2020, Plaintiff called Defendant, disputed the debts, and requested verification.

27. However, because Plaintiff disputed orally—as opposed to in writing—Defendant was neither required to provide Plaintiff with verification or cease collection until mailing such verification. *See* 15 U.S.C. § 1692g.

## CLASS ACTION ALLEGATIONS

28. Plaintiff repeats and re-alleges all factual allegations above.

29. Defendant's November 23, 2020, December 14, 2020, and December 16, 2020 letters are based on a form or template used by Defendant to send initial written communications to consumers in connection with the collection of consumer debts (the "Template").

30. Defendant sent letters based on the Template to over 40 natural persons with a North Carolina address within the year prior to the filing of the original complaint in this matter where such letter was the initial written communication with the individual.

31.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All natural persons with a North Carolina address to whom Defendant sent an initial written communication based upon the Template, within one year before the date of this complaint.

32.     The proposed class specifically excludes the United States of America, the State of North Carolina, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

33.     The class is averred to be so numerous that joinder of members is impracticable.

34.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

35.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

36.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

37.     Plaintiff's claims are typical of those of the class he seeks to represent.

38. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

39. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

40. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

41. Plaintiff is willing and prepared to serve this Court and the proposed class.

42. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

43. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

45. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would

necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

48. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

49. Plaintiff repeats and re-alleges each factual allegation above.

50. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

51. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

52. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

*53.* "To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt." *In re Martinez*, 271 B.R. 696, 700 (S.D. Fla. 2001), *aff'd,* 311 F.3d 1272 (11th Cir. 2002).

*54.* With respect to § 1692g(a)(4)-(5), "[t]he statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *see also Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b)."); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (explaining that a consumer can trigger the right to verification "only through written dispute").

55. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that any dispute must be *in writing* to require Defendant to obtain and mail Plaintiff verification.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 1, 2021.

Respectfully submitted,

s/Craig J. Ehrlich
Craig J. Ehrlich
Attorney for Plaintiff
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Rd. NE, Ste. 7-B
Atlanta, GA 30306
Telephone: (404) 365-4460
Facsimile: (855) 415-2480
Email: craig@ehrlichlawoffice.com

*Of counsel to Thompson Consumer Law Group, PLLC*

**Correspondence address:**
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618